IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**DARRYL KEYES,**

    **Movant,**

**v.**                                          **Case No. 2:05-cv-00057**
                                                **Case No. 2:02-cr-00235-02**

**UNITED STATES OF AMERICA,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Docket sheet document # 63). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On October 22, 2003, pursuant to a written plea agreement (# 46), Movant pled guilty to one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). (# 45). On January 6, 2004, Movant was sentenced to 87 months of imprisonment. (# 52). Movant was also ordered to serve a three-year term of supervised release, and to pay a $100 special assessment. (<u>Id.</u>) Movant did not file a Notice of Appeal from the Judgment.

On January 3, 2005, the United States filed a Motion to Reduce Sentence, pursuant to Rule 35 of the Federal Rules of Criminal

Procedure, in light of Movant's substantial assistance to the government in other criminal matters. (# 59). On January 19, 2005, Movant filed the instant section 2255 motion, alleging the following claims:

    (1) that there is no evidence of the existence of federal jurisdiction as required by law.

    (2) that his trial counsel provided ineffective assistance because he failed to file a dispositive motion and demand proof of federal criminal jurisdiction and because he failed to inform Movant of a fatal variance, and lack of correspondence with the federal sentencing guideline applied.

    (3) that his trial counsel provided ineffective assistance because he failed to file a Notice of Appeal.

    (4) that the District Court increased his sentence based upon findings made by a preponderance of the evidence.

    (5) that the Probation Officer is not an Article II, appointed officer and may not bring or make public charges, and "that the Presentence Report is an attainder or Bill of Pains and penalties violating due process and the 14th Amendment among other restrictive covenants. This in addition to the 5th and 6th Amendment grand jury and trial jury protections and safeguards."

Movant added that "this claim will be further supplemented upon the Booker and Fanfan Decision from the U.S. Supreme Court." (# 63 at 5-6). However, no supplement has been filed.

    On February 11, 2005, the presiding District Judge granted the government's Rule 35 motion and reduced Movant's sentence from 87 months to 57 months of imprisonment. (# 75). On March 9, 2005, Movant wrote a letter to the undersigned (# 79); however, the

intent of the letter was unclear.

Thus, on March 14, 2005, the undersigned's staff wrote a letter to Movant (# 80), which stated that it appeared that Movant may no longer wish to proceed with his section 2255 motion, and requested that Movant notify the court, by April 1, 2005, of his intention to proceed with his section 2255 motion, or to voluntarily withdraw the motion. The letter further notified Movant that, if he did not advise the court of his intentions by April 1, 2005, the undersigned would recommend to the presiding District Judge that the section 2255 motion would be dismissed. Copies of both Movant's letter to the undersigned and the subject response were filed in Movant's case files.

As of this date, Movant has not notified the court of his intent to proceed with his section 2255 motion, or of his intent to voluntarily withdraw the motion. Thus, the undersigned proposes that the presiding District Judge **FIND** that Movant has failed to comply with the court's request, and that Movant was adequately advised of the consequences of failing to respond. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Movant's section 2255 motion (# 63) and **DISMISS** this matter with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to mail a copy of this Order and Notice to Movant and counsel of record.

    April 11, 2005                          *Mary E. Stanley*
       Date                                 Mary E. Stanley
                                            United States Magistrate Judge